Jeffrey P. Davis    #166484
Mark D. Kruthers    #179750
Nathan W. Powell    #232516
**DOWLING, AARON & KEELER, INC.**
8080 North Palm Avenue, Third Floor
P.O. Box 28902
Fresno, California 93729-8902
Tel: (559) 432-4500 / Fax: (559) 432-4590
Email:  jdavis@daklaw.com
        mkruthers@daklaw.com
        npowell@daklaw.com

Attorneys for Defendant DANDEE TRANSPORTATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK LOPEZ and DAVID PALMER, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>DANDEE TRANSPORTATION and DOES 1 to 100,<br><br>    Defendant. | Case No. 1:08-CV-00500-LJO-SMS (consolidated for all pre-trial discovery with Case No. 1:08-cv-0990 LJO-SMS)<br><br>**STIPULATION FOR PROTECTIVE ORDER; ORDER THEREON** |
| JOSE CAMARENA, on his own and on behalf of a class of similarly situated persons pursuant to and on behalf of the General Public,<br><br>    Plaintiff,<br><br>vs.<br><br>DANDEE TRANSPORTATION, a California corporation,<br><br>    Defendant. | |



STIPULATION FOR PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

1         Whereas Plaintiffs, including FRANK LOPEZ, DAVID PALMER, JOSE CAMARENA and other putative class members (collectively "Plaintiffs"), and Defendant DANDEE TRANSPORTATION ("Defendant") (Plaintiffs and Defendant individually a "Party" and collectively the "Parties"), will be required to exchange, and will exchange, certain documents pursuant to the Federal Rules of Civil Procedure, as well as serve interrogatories, notices of depositions and similar discovery requests, the responses to which counsel will reasonably submit may include the disclosure of trade secrets, proprietary data and/or confidential business information ("Confidential Information" as defined in paragraph 1 herein); and

        Whereas Plaintiffs and Defendant, by and through their counsel, have agreed to produce such information for inspection, copying and use in the present action, subject to the terms and conditions of this Stipulation for Protective Order; Order Thereon ("Protective Order");

        Subject to the approval of this Court, the Parties hereby stipulate to the following protective order:

        1. In connection with this action, the Parties may designate any document, thing, material, testimony or other information derived there from as "Confidential Information" under the terms of this Protective Order. Confidential information means:

> Trade secrets, proprietary data, and/or confidential business information including a formula, pattern, compilation, program, device, method, technique, or process that:
>
> (1)   Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and
>
> (2)   Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

        By designating a document, thing, material, testimony or other information derived there from as "Confidential" under the terms of this Protective Order, the Party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).



PDF created with pdfFactory trial version www.pdffactory.com

1      2. Confidential documents shall be so designated by stamping copies of the
2  document produced to a Party with the legend "CONFIDENTIAL." Stamping the legend
3  "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the
4  document as confidential, unless otherwise indicated by the producing Party.

5      3. Testimony taken at a deposition, conference, hearing or trial may be
6  designated as confidential by making a statement to that effect on the record at the deposition or
7  other proceeding. Arrangements shall be made with the court reporter taking and transcribing
8  such proceeding to separately bind such portions of the transcript containing information
9  designated as confidential, and to label such portions appropriately.

10     4. Material designated as CONFIDENTIAL under this Protective Order, the
11  information contained therein, and any summaries, copies, abstracts, or other documents derived
12  in whole or in part from material designated as confidential (hereinafter "Confidential Material")
13  shall be used only for the purpose of the prosecution, defense, or settlement of this action, and
14  for no other purpose.

15     5. Confidential Material produced pursuant to this Protective Order may be
16  discussed or made available only to the Court, to counsel for a party (including the paralegal,
17  clerical, and secretarial staff employed by such counsel), and to the "qualified persons"
18  designated below:

19     a. a Party, or an officer, director, shareholder, or employee of a Party reasonably
20  deemed necessary by counsel for that party to aid in the prosecution, defense, or settlement of
21  this action;

22     b. a Party's liability insurer and its directors, officers, and employees;

23     c. experts or consultants (together with their staff) retained by such counsel to
24  assist in the prosecution, defense, or settlement of this action;

25     d. certified shorthand court reporter(s) engaged in this action;

26     e. a witness at any deposition or other proceeding in this action; and

27     f. any other person as to whom the parties in writing agree.

28  ///



PDF created with pdfFactory trial version www.pdffactory.com

1   Prior to receiving any Confidential Material, each "qualified person" shall be
2   provided with a copy of this Protective Order.

3   6.  Depositions shall be taken only in the presence of qualified persons.

4   7.  The Parties may further designate certain discovery material or testimony of a
5   highly confidential and/or proprietary nature as "CONFIDENTIAL—ATTORNEY'S EYES
6   ONLY" (hereinafter "Attorney's Eyes Only Material"), in the manner described in paragraphs 2
7   and 3 above.  Attorney's Eyes Only Material, and the information contained therein, shall be
8   disclosed only to the Court, to counsel for the Parties (including paralegal, clerical and secretarial
9   staff employed by such counsel), and to the "qualified persons" listed in subparagraphs 5(b)
10  through (f) above, but shall not be disclosed to a Party, or to an officer, director or employee of a
11  Party, unless otherwise agreed or ordered.  If disclosure of Attorney's Eyes Only Material is
12  made pursuant to this paragraph, all other provisions in this Protective Order with respect to
13  confidentiality shall also apply.

14  8.  Nothing herein shall impose any restrictions on a party from disclosing its
15  own Confidential Material as it deems appropriate, nor from using or disclosing material that is
16  in the public domain.

17  9.  If Confidential Material, including any portion of a deposition transcript
18  designated as Confidential or Attorney's Eyes Only, is included in any papers to be filed in
19  Court, such papers shall be labeled "Confidential – Subject to Court Order" and filed under seal
20  until further order of this Court.

21  10. In the event that any Confidential Material is used in any court proceeding in
22  this action, it shall not lose its confidential status through such use, and the Party using such shall
23  take all reasonable steps to maintain its confidentiality during such use.

24  11. This Protective Order shall be without prejudice to the right of the Parties (i)
25  to bring before the Court at any time the question of whether any particular document or
26  information is confidential or whether its use should be restricted or (ii) to present a motion to
27  the Court under FRCP 26(c) for a separate protective order as to any particular document or
28  information, including restrictions differing from those as specified herein.  This Protective

PDF created with pdfFactory trial version www.pdffactory.com

1  Order shall not be deemed to prejudice the Parties in any way in any future application for
2  modification of this Protective Order.

3     12. This Protective Order is entered solely for the purpose of facilitating the
4  exchange of documents and information between the Parties to this action without involving the
5  Court unnecessarily in the process.  Nothing in this Protective Order nor the production of any
6  information or document under the terms of this Protective Order nor any proceedings pursuant
7  to this Protective Order shall be deemed to have the effect of an admission or waiver by either
8  Party or of altering the confidentiality or non-confidentiality of any such document or
9  information or altering any existing obligation of any Party or the absence thereof.

10     13. This Protective Order shall survive the final termination of this action, to the
11  extent that the information contained in Confidential Material is not or does not become known
12  to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of
13  information disclosed hereunder.  Upon the date that is three (3) years after the termination of
14  this case, counsel for the Parties shall assemble and return to each other all documents, material
15  and deposition transcripts designated as confidential and all copies of same, or shall certify the
16  destruction thereof.

17    SO STIPULATED.

18

19  Dated: September 22, 2008   LAW OFFICES OF JERRY BUDIN

20        /s/Jerry Budin_____
      Jerry Budin
21        Attorney for Frank Lopez and David Palmer

22

23  Dated:  September 17, 2008   FAKHIMI & ASSOCIATES

24

25        /s/Houman Fakhimi_____
      Houman Fakhimi
26        Attorneys for Jose Camarena

27

28



5
STIPULATION FOR PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

1  Dated: September 17, 2008              DOWLING AARON & KEELER

                                         /s/Jeffrey P. Davis
                                         Jeffrey P. Davis
                                         Mark D. Kruthers
                                         Nathan W. Powell
                                         Attorneys for Dandee Transportation

IT IS SO ORDERED.


Dated:   9/22/2008                       /s/ SANDRA M. SNYDER
                                         SANDRA M. SNYDER
                                         U.S. Magistrate Judge


F:\wdocs\maindocs\13323\001\00195812.DOC

PDF created with pdfFactory trial version www.pdffactory.com