1  Jerry N. Budin                         Gregg A. Farley
   State Bar No. 88539                    State Bar No. 115593
2  Law Office of Jerry Budin              Law Offices of Gregg A. Farley
   2401 E. Orangeburg Ave.,               11755 Wilshire Blvd., Ste. 1300
3  Ste. 675-309                           Los Angeles, CA 90025
   Modesto, California 95355              Telephone: (310) 445-4024
4  Telephone: (209) 544-3030              Facsimile: (310) 445-4109
   Facsimile: (209) 544-3144
5
   Attorney for Plaintiffs,               Attorney for Plaintiffs,
6  FRANK LOPEZ, et al.                    JOSE CAMARENA, et al.

7  Houman Fakhimi
   State Bar No. 195638
8  Fakhimi & Associates
   3 Hutton Centre Dr. Suite 620
9  Santa Ana, CA 92707
   Telephone: (714) 542-2188
10 Facsimile: (714) 542-3119

11 Attorneys for Plaintiffs,
   JOSE CAMARENA, et al.

12
13                    UNITED STATES DISTRICT COURT
14                    EASTERN DISTRICT OF CALIFORNIA
15                           (Fresno Division)

16 | FRANK LOPEZ, et al.,         ) | CASE NO. 1:08-CV-0500 LJO SMS |
|---|---|
| 17 Plaintiffs, ) | |
| 18 vs. ) | |
| 19 DANDEE TRANSPORTATION, et al.,) | |
| 20 Defendants. ) | |
| 21 JOSE CAMARENA, et al., ) | CASE NO. 1:08-CV-0990 LJO SMS |
| 22 Plaintiffs, ) | ORDER ON MOTION |
|   ) | FOR PRELIMINARY APPROVAL |
| 23 vs. ) | OF CLASS ACTION SETTLEMENT; |
|   ) | ORDER CONSOLIDATING CASES |
| 24 DANDEE TRANSPORTATION, et al.,) | |
|   ) | HEARING:   Dec. 3, 2009 at 8:15 |
| 25 Defendants. ) | Dept. 4 (LJO) |

26

27      Pursuant to plaintiffs' Notice Of Motion filed on July 23,
28 2009 (Doc. 47), the parties in these class actions have reached a

proposed settlement and seek preliminary approval of the Stipulation Regarding Settlement Of Class Action (Doc. 56) and the Notice of Proposed Class Action Settlement And Fairness Hearing (Ex. 1) and the Claim Form/FLSA Consent Form (Ex. 2) attached thereto. The Court finds the motion is suitable for decision without oral argument pursuant to Local Rule 78-230(h). Having considered the plaintiffs' Motion and supporting papers, the Stipulation Regarding Settlement Of Class Action and the exhibits attached thereto, the Court issues the following Orders:

1.   This Order incorporates by reference the definitions in the Stipulation Regarding Settlement of Class Action ("Stipulation") [Doc. 56] and all terms defined therein shall have the same meaning in this Order as set forth therein.

2.   The Court hereby preliminarily approves the Stipulation. The Court preliminarily finds that the Class members are similarly situated and meet the requirements for class certification under F.R.C.P. 23 and as a collective action under 29 U.S.C. §216(b). The Court further preliminarily finds that the Stipulation appears to be within the range of reasonableness of a settlement that could ultimately be given final approval by this court. It appears to the Court that the Stipulation is fair, adequate and reasonable as to all potential Class Members, when balanced against the probable outcome of further litigation. It further appears that counsel for the Parties at this time are reasonably able to evaluate their respective positions. It further appears to the Court that settlement at this time will avoid substantial additional costs to all Parties, as well as the delay and risks that would be presented by further prosecution of these

Actions. Additionally, it appears that the proposed Stipulation was reached as a result of intensive, non-collusive, arms-length negotiations.

3. A hearing ("Fairness Hearing") shall be held before this Court on **December 3, 2009 at 8:15 a.m.** in Courtroom 4 in the United States District Court for the Eastern District of California, located at 2500 Tulare Street, Fresno, California, to determine all necessary matters concerning the settlement, including: (a) whether the proposed settlement of the Actions on the terms and conditions provided is fair, adequate, and reasonable, and should be finally approved by the Court; (b) whether the cases should be dismissed with prejudice pursuant to the terms of the settlement; (c) whether the settlement should be approved as fair, adequate, and reasonable to the Class Members; (d) whether the Court should finally approve the amount of attorney fees and costs to be awarded Class Counsel, Jerry Budin, Houman Fakhimi and Gregg Farley and (e) whether the Court should approve the incentive awards to Class Representatives Frank Lopez, David Palmer, Jose Camarena, Douglas Holmby and Rudy Cordova.

4. The Court hereby approves, as to form and content, the proposed "Notice of Proposed Class Action Settlement and Fairness Hearing" ("Notice;" attached as Exhibit 1 to the Stipulation (Doc. 56)) and the "Claim Form/FLSA Consent Form" (attached as Exhibit 2 to the Stipulation (Doc. 56)). The Court finds that the distribution of the Notice substantially in the manner and form set forth in the Stipulation meets the requirement of due process under Federal Rule of Civil Procedure 23(e) and 29 U.S.C. §216(b), that such Notice is the best practicable under the circumstances and

1  shall constitute due and sufficient notice to all persons entitled
2  thereto.
3     5.   Any class member who wishes to receive a portion of the
4  settlement fund must complete and submit a properly completed Claim
5  Form, pursuant to the instructions for making a claim that are set
6  forth in the Notice, so that it is postmarked no more than sixty
7  (60) days after the date the Notices are mailed.  Any class member
8  who does not submit a Claim Form will not be entitled to any
9  recovery, unless the parties agree to allow the late claim.
10    6.   Any class member may choose to "opt-out" of and be
11 excluded from the settlement as provided in the Notice by following
12 the instructions for requesting exclusion from the Stipulation that
13 are set forth in the Notice.  All requests for exclusion must be
14 submitted so that they are postmarked no more than thirty (30) days
15 after the date the Notices are mailed.  Any such person who chooses
16 to "opt out" of and be excluded from the class will not be entitled
17 to receive any proceeds from this settlement, and will not be bound
18 by this settlement or have any right to object, appeal, or comment
19 thereon.
20    7.   Any class member who has not validly requested exclusion
21 ("opt-out") from the class and the Stipulation may appear at the
22 Fairness hearing and may object or express his/her views regarding
23 the settlement, and may present evidence and file briefs or other
24 papers, that may be proper and relevant to the issues to be heard
25 and determined by the Court, as provided in the Notice.  However,
26 no class member or any other person shall be heard or entitled to
27 object, and no papers or briefs submitted by any such person shall
28 be received or considered by the Court, unless the person on or

1 before that day which is 30 days after the Notice is mailed has
2 filed with the Clerk of this court, and mailed by first class
3 postage to Class Counsel [Jerry Budin, Law Office of Jerry Budin,
4 2401 E. Orangeburg Ave., Modesto, CA 95355] and Defendant's Counsel
5 [David A. Dixon of Dowling, Aaron & Keller, Inc., 5080 California
6 Ave., Suite 200, Bakersfield, California 93309]: (i) a written
7 statement advising if the individual plans to address the Court at
8 the Fairness Hearing; (ii) a written statement of the individual's
9 objections; and (iii) any other papers which the individual
10 purposes to submit to the Court, including any legal briefs or
11 memoranda.  Any such person who does not make an objection in the
12 manner provided for in this Order shall be deemed to have waived
13 such objection and shall forever be foreclosed from making any
14 objection to the settlement.
15      8.   In the event the Stipulation does not become effective in
16 accordance with the terms of the Stipulation, or the Stipulation is
17 not finally approved, or is terminated, canceled or fails to become
18 effective for any reason, this Order shall be rendered null and
19 void and shall be vacated, and the Parties shall revert to their
20 respective positions as of before entering into the Stipulation.
21      9.   For purposes of effectuating this settlement, the Court
22 preliminarily certifies the following Settlement Class:
23           <u>Settlement Class</u>
24           All persons who are now employed or have been
             employed by defendant DANDEE TRANSPORTATION in
25           the State of California, who, on or after
             March 21, 2004 to the date of preliminary
26           approval, have worked as a truck driver.
27      10.  For purposes of effectuating this settlement, the Court
28 hereby appoints Jerry Budin, Houman Fakhimi and Gregg Farley as

Class Counsel and Frank Lopez, David Palmer, Jose Camarena, Douglas Holmby and Rudy Cordova as Class Representatives.

11. These actions are consolidated for all purposes, the case of <u>Lopez v. DanDee</u>, Case No. 1:08-cv-0500 LJO SMS, shall be designated the lead case and all future pleadings in these consolidated actions shall be filed in the lead case.

Approved as to form and content:

Dated: August 17, 2009

```
                    /s/ David Dixon
                    David Dixon
                    Attorney for Defendant,
                    DANDEE TRANSPORTATION
```

<u>IT IS SO ORDERED.</u>

**Dated:    August 18, 2009**          <u>/s/ Lawrence J. O'Neill</u>
                                       UNITED STATES DISTRICT JUDGE