| | |
|---|---|
| Jerry N. Budin | Gregg A. Farley |
| State Bar No. 88539 | State Bar No. 115593 |
| Law Office of Jerry Budin | Law Offices of Gregg A. Farley |
| 2401 E. Orangeburg Ave., | 11755 Wilshire Blvd., Ste. 1300 |
| Ste. 675-309 | Los Angeles, CA 90025 |
| Modesto, California 95355 | Telephone: (310) 445-4024 |
| Telephone: (209) 544-3030 | Facsimile: (310) 445-4109 |
| Facsimile: (209) 544-3144 | |
| | |
| Attorney for Plaintiffs, | Attorney for Plaintiffs, |
| FRANK LOPEZ, et al. | JOSE CAMARENA, et al. |

Houman Fakhimi
State Bar No. 195638
Fakhimi & Associates
3 Hutton Centre Dr. Suite 620
Santa Ana, CA 92707
Telephone: (714) 542-2188
Facsimile: (714) 542-3119

Attorneys for Plaintiffs,
JOSE CAMARENA, et al.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

(Fresno Division)

| | |
|---|---|
| FRANK LOPEZ, et al., ) | CASE NO. 1:08-CV-0500 LJO SMS |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| DANDEE TRANSPORTATION, et al.,) | |
| ) | |
| Defendants. ) | |
| _____) | |
| JOSE CAMARENA, et al., ) | CASE NO. 1:08-CV-0990 LJO SMS |
| ) | |
| Plaintiffs, ) | ORDER AND JUDGMENT |
| ) | ON MOTION FOR FINAL APPROVAL |
| vs. ) | OF CLASS ACTION SETTLEMENT |
| ) | |
| DANDEE TRANSPORTATION, et al.,) | |
| ) | |
| Defendants. ) | |
| _____) | |

Pursuant to the Order On Preliminary Approval Of Class Action Settlement filed herein on

August 18, 2009 (Doc. 61), a Final Approval Hearing was held at 8:15 a.m. on December 3, 2009

in Courtroom 4 of this Court. Plaintiffs, individually and on behalf of all others similarly-situated (collectively "plaintiffs"), appeared at the hearing by telephone through class counsel, Jerry Budin and by Gregg Farley. Defendant DanDee Transportation ("DanDee") appeared at the hearing by counsel David Dixon of Dowling, Aaron & Keeler, Inc. The case was called at the hearing and the Court inquired whether anyone else in the courtroom was present to participate in the hearing. There was no response to this inquiry. The Court then inquired of counsel whether they expected anyone to appear at the hearing. Both counsel responded in the negative.

Having considered Plaintiffs' Memorandum Of Points And Authorities and Class Counsel's Declarations In Support Of Final Approval Of Class Action Settlement and the Declarations and papers previously filed herein, the Court makes the following Findings:

1. No class member or interested individual appeared personally at the time and place for the Final Approval Hearing (December 3, 2009, 8:15 a.m., Courtroom 4) which was contained in the Notice provided to all potential class members.

2. The Court finds that notice to the class was the best practicable under the circumstances and was satisfied and timely mailed as previously ordered by the Court.

3. The Court finds that the consideration for the proposed settlement is fair, adequate, and reasonable.

4. The Court finds that there were no objections and one (1) exclusion from the proposed settlement.

5. The Court finds that the settlement was not collusive, and that the parties have engaged in sufficient discovery to understand the strengths and weaknesses of their own and their opponent's cases.

6. The Court finds that the lawyers representing the parties were competent and experienced counsel, and that no party has been subjected to any undue influence in reaching the settlement.

7. The Court finds that the attorney's fees requested by Class Counsel, Jerry Budin, Houman Fakhimi, and Gregg A. Farley in the total sum of $42,500.00 and actual costs in the total sum of $5,715.39 are fair and reasonable.

8.  The Court finds that the formula for disbursement of the settlement proceeds to the Class and the procedure for administration of that disbursement as set forth in the Stipulation Regarding Settlement Of Class Action are fair, adequate and reasonable.

9.  The Court finds that the Settlement Class members are similarly-situated and meet the requirements for certification of a class action under F.R.C.P. 23 and as a collective action under 29 U.S.C. §216(b).

10. The Court finds that a total payment of $15,000.00 to Class Representatives, Frank Lopez, David Palmer, Jose Camarena, Douglas Holmby and Rudy Cordova, for their efforts and services on behalf of the Classes is fair and reasonable.

IT IS HEREBY ADJUDGED AND ORDERED that:

1.  The Stipulation Regarding Settlement Of Class Action filed herein on July 23, 2009 (Doc. 56) is approved in full.

2.  Defendant DanDee Transportation shall pay attorneys fees of $42,500.00 and actual costs in the sum of $5,715.39 to Class Counsel, Jerry Budin, Houman Fakhimi and Gregg A. Farley pursuant to the procedures set forth in the Stipulation Regarding Settlement Of Class Action.

3.  Defendant DanDee Transportation shall make payments to the one hundred and ninety three (193) Settlement Class members pursuant to the procedures and formulas set forth in the Stipulation Regarding Settlement Of Class Action.

4.  Defendant DanDee Transportation shall make a total payment of $15,000.00 to Class Representatives, Frank Lopez, David Palmer, Jose Camarena, Douglas Holmby and Rudy Cordova as follows:

|   |   |   |
|---|---|---|
| a. | David Palmer | $5,000.00 |
| b. | Frank Lopez | $5,000.00 |
| c. | Jose Camarena | $2,000.00 |
| d. | Douglas Holmby | $1,500.00 |
| e. | Rudy Cordova | $1,500.00 |
|   | TOTAL | $15,000.00 |

5.  Defendant DanDee Transportation shall pay the costs of settlement administration

1  up to a maximum of $3,000.00 upon presentation of an accounting by Class Counsel Jerry Budin at
2  the conclusion of the administration process.

4      6.    This Court shall retain jurisdiction over this matter and the parties for the purpose of
5  enforcing compliance with said Stipulation Regarding Settlement Of Class Action.
6      7.    Upon defendant DanDee Transportation's satisfaction of its obligations under said
7  Stipulation Regarding Settlement Of Class Action and the payment of all sums pursuant thereto,
8  plaintiffs' counsel shall notify the court, whereupon this matter shall be closed.
9  IT IS SO ORDERED.
10 **Dated:    December 3, 2009**              /s/ Lawrence J. O'Neill
                                                UNITED STATES DISTRICT JUDGE